# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 03-6032 and No. 03-6059 MN

_____

In re: Robert Gordon Neal,               *

                    *

     Debtor.                  *

                    *

Connie L. Neal,               *   Appeal from the United States

                    *   Bankruptcy Court for the

     Appellant.            *   District of Minnesota

                    *

        v.              *

                    *

Robert Gordon Neal,         *

                    *

     Appellee.             *

_____

Submitted: November 17, 2003
Filed: December 12, 2003

_____

Before, SCHERMER, FEDERMAN, and MAHONEY, Bankruptcy Judges.

_____

FEDERMAN, Bankruptcy Judge.

_____

*Pro se* appellant Connie L. Neal, debtor Robert Gordon Neal's former spouse, appeals two orders of the bankruptcy court. On September 5, 2003, we consolidated both appeals. Connie appeals an order of the bankruptcy court confirming Robert's amended Chapter 13 plan. She also appeals the order granting Robert a discharge. We dismiss both appeals as moot.

# FACTUAL BACKGROUND

We begin with a brief history of the dissolution proceeding. Robert and Connie were married in November of 1987. In March of 1997, Robert filed a Petition for Dissolution of Marriage. On May 14, 1997, the District Court of the County of Hennepin (the District Court) held a "Hearing for Temporary Relief," and on August 19, 1997, entered an order awarding Connie temporary maintenance in the amount of $4,000.00 per month to commence in June of 1997. Robert filed a motion to reconsider the Order of August 19, 1997. On February 26, 1998, and March 20, 1998, the District Court entered orders addressing the motion for reconsideration, as well as Robert's request to use a recently discovered mutual fund to pay his attorney's fees. In both orders, the District Court refused to either amend the order for temporary maintenance or allow Robert to use any marital property to pay his attorney. Robert failed to pay the temporary maintenance as ordered.

On June 15, 1998, Robert filed a Chapter 13 bankruptcy petition. On July 10, 1998, Connie filed a proof of claim seeking $49,000 for alleged unpaid temporary maintenance. On August 6, 1998, the bankruptcy court entered an order confirming Robert's Chapter 13 plan as proposed.

Neither party filed in this bankruptcy case a motion for relief from stay to continue with the dissolution proceeding, but on August 6, 1998, the District Court held a pretrial hearing. Connie was not present. The family court judge entered findings following that hearing in which he reserved Connie's right to maintenance and awarded her the following: (1) $16,297 from an IRA/SEP account with Jackson National Life Insurance Company (the SEP Funds); (2) an amount equal to one-half of the sales proceeds from the sale of household goods; and (3) the sum of $10,000 from the sale of the homestead.[1] Connie states in her reply brief that the family court

---

[1]Appellant's Brief at page 9.

judge believed Robert and Connie had joint tax obligations and issued an order in August of 1999 granting permission to apply funds in the trust account to joint taxes for tax years 1996 and 1997. On November 16, 1998, the District Court entered the Amended Judgment and Decree (the Decree) adjudicating the rights of the parties. The Decree apparently provided that Connie's claim for maintenance was reserved retroactive to June 1, 1997.[2] The Decree further awarded Connie the sum of $12,165.05 from the sale of real and personal property, and the sum of $16,297 as her portion of the SEP Fund. The Decree also apparently provided that the funds from the sale of real and personal property and the funds in the IRA/SEP account could be used to pay Robert and Connie's joint tax obligations for the tax years 1996 and 1997. On November 20, 1998, counsel for Robert deposited the sum of $10,000 from the sale of the homestead, and the sum of $2,165.05 from the sale of personal property into an interest bearing account in Connie's name.

Connie later asked the District Court for an award of maintenance. The District Court held a hearing on August 31, 1999, and stated:

> It's my understanding that one of the terms of the decree was that the issue of maintenance, which would have been temporarily awarded at the rate of $4,000.00 a month, was reserved backwards to some time in '97. So, there is currently no maintenance obligation owing, although there is a residual possibility of such obligation should Ms. Neal surface.[3]

On September 29, 1999, the District Court entered an order that denied Connie's request for maintenance, without prejudice to her renewing the motion at a later date.

---

[2]We were not presented with a copy of the Decree, but both parties and the bankruptcy court quoted this provision in the Decree.

[3]Case No. 98-43932, Doc. # 77, Order Disallowing Claim # 3, filed April 30, 2003.

According to Robert's trial memorandum, dated April 23, 2003, and filed with the bankruptcy court, the order of September 29, 1999, stated as follows:

> Respondent [Connie Neal] has made a motion for spousal maintenance. No proper Affidavit was attached, and this motion must be denied. Respondent may renew her motion at a later date, as is permitted by the judgment and decree. However, the court wishes to note that it is not inclined to grant spousal maintenance to a party evading a warrant for arrest. By doing so, the court would be funding an illegal activity.[4]

We are unaware of any further proceedings in the District Court prior to the hearings at issue in these appeals.

On June 25, 2002, Robert filed a modified Chapter 13 plan, which informed the court that he wished to use the money in Connie's trust account and the funds in the IRA/SEP account to satisfy his tax obligations to the Internal Revenue Service (the IRS) and the Minnesota Department of Revenue (MDR). Robert also sought to reduce his final plan payments due to a decrease in his monthly income. Both Connie and the IRS objected to the modified plan, but on November 19, 2002 the IRS withdrew its objection. Robert claims the IRS and MDR filed proofs of claim for joint tax obligations for the tax years 1996 and 1997. Connie objected because she claims that she filed her tax returns for tax years 1996 and 1997 as a married person filing separately. She insists Robert filed in the same manner because she never signed joint tax returns for those two years. She claims she had no tax obligations for those two years, therefore, Robert could not use her funds to satisfy his individual tax obligations.

On November 21, 2002, prior to a hearing on the modified plan, counsel for Robert withdrew the sum of $13,419.17 from Connie's trust account and applied that

---

[4]Appellee's Appendix, page 68 (Trial Memorandum of Debtor dated April 23, 2003).

sum to either Robert's tax debt or Robert and Connie's joint tax debt. Robert also liquidated the IRA/SEP account, including the SEP Funds set aside to Connie in the Decree, and applied the sum of $23,214.74 to the tax obligations. These payments were made outside the plan to satisfy nondischargeable priority tax obligations.

On December 2, 2002, debtor filed another modified Chapter 13 plan, and Connie, proceeding *pro se,* filed an objection. On March 21, 2003, the court denied confirmation of the modified plan because it failed to address Connie's claim for maintenance. On March 28, 2003, Neal filed an objection to Connie's proof of claim. Following a hearing on May 7, 2003, the court sustained Robert's objection to Connie's proof of claim. The court found that under Minnesota law any claim for unpaid temporary maintenance is merged into the final decree. Therefore, since the District Court reserved the issue of maintenance in the Decree, at the time of the bankruptcy filing, Connie held no cognizable claim.

On May 12, 2003, Robert filed a modified Chapter 13 plan, and on June 11, 2003, the court confirmed that plan. Connie filed a timely appeal. On July 23, 2003, the court granted Robert a discharge. Connie filed a timely appeal of the order of discharge as well. We consolidated both appeals.

While not relevant to our decision, the District Court held a hearing on June 18, 2003, at which time Robert asked the court to find that Connie had no claim for maintenance past, present or future, and that the funds in the trust account and IRA/SEP account had been properly applied. The District Court has yet to issue such an order.

DISCUSSION

As stated, there are two appeals involved here. Connie appealed the Order of Discharge, entered July 23, 2003, but she does not address the discharge in her briefs.

Nonetheless, the Order of Discharge states that debtor is discharged from all debts dischargeable under 11 U.S.C. § 1328(a). Section 1328(a) of the Bankruptcy Code, (the Code) provides that debts for maintenance, however, are not dischargeable:

> (a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt–
>
> . . .
>
> > (2) of the kind specified in paragraph (5), (8), or (9) of section 523(a) of this title.[5]

Section 523(a)(5) of the Code excepts from discharge any debt for maintenance:

> (a)    A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . .
>
> > (5)    to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
> >
> > . . .

_____

[5]11 U.S.C. § 1328(a)(2).

(B)     such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.[6]

Connie raises no issues in appealing the Order of Discharge. We find, however, that if the District Court awards her maintenance retroactive to June of 1997, as it reserved the right to do, such an obligation is not dischargeable in this or any other bankruptcy case Robert might file. We, therefore, find that the appeal of the order of discharge is of no practical significance to Connie. An issue is moot if it has no practical significance.[7] Here, we can offer Connie no relief that is not already available to her in District Court. Therefore, as to the Order of Discharge, the appeal is mooted and must be dismissed.

Likewise, Connie raises several issues in her appeal of the bankruptcy court's order confirming Robert's amended Chapter 13 plan. Connie claims that Robert used her funds to satisfy his individual tax obligations. The bankruptcy court did not make a determination as to whether the tax obligations were joint or individual, so that issue is not appealable. Robert used funds held in a trust account in Connie's name and funds held in an IRA/SEP account to pay the tax obligations. The funds in Connie's trust account are not an asset of the bankruptcy estate. All of the funds in the IRA/SEP account may or may not be an asset of the bankruptcy estate, but they are exempt from the claims of creditors. Therefore, Robert's decision to use those funds to reach a settlement with the IRS and MDR is outside the purview of the bankruptcy court.

---

[6]11 U.S.C. § 523(a)(5)(B).

[7]**Black's Law Dictionary** 820 (Bryan A. Garner, ed., abridged 7th ed., 2000).

Robert withdrew the funds and distributed the funds to the taxing authorities no later than November 20, 2002. The bankruptcy court did not rule on Robert's motion to modify the plan until June 11, 2003. While Robert disclosed his settlement with the IRS and MDR in his motion to modify the plan, he filed the motion in order to decrease his final plan payments due to a decrease in his income. Connie does not appeal that part of the bankruptcy court's decision. Once again, Connie has recourse in the District Court. If Robert used funds that belonged to Connie to satisfy his individual tax obligations, such an action took place post petition and is not affected by the Robert's discharge. Connie can petition the District Court to interpret the Decree to determine if Robert converted funds belonging to Connie for his individual use. We have no jurisdiction to make that determination. Federal courts have no power to decide questions that cannot affect the rights of parties in the case before them.[8] An appeal is moot if we can grant no effective relief because the plaintiff has already received all the relief the trial court can offer.[9] In this case, Robert received a discharge after satisfying all of the requirements of Chapter 13. If he, in fact, converted funds post petition that belonged to Connie, and were, therefore, not an asset of the bankruptcy estate, she must seek relief in the District Court. We have no jurisdiction to offer her any relief. We, thus, conclude that Connie's appeal of the order confirming Robert's amended plan is moot. We dismiss that appeal as well.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT

---

[8] *Day v. Klingler (In re Klinger)*, 2003 WL 22699641 *2 (Bankr. E.D. Ill. Nov. 14, 2003).

[9] *Id. citing* 13A C.Wright, A. Miller & E. Cooper, **Federal Practice & Procedure** § 3533.2 at 238 (1984).